UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


STEWART D. ROLL                              )        CASE NO.:  5:19-cv-2825
2020 East Swan Lake Circle                   )
Kent, Ohio 44240                             )        JUDGE
                                             )
                Plaintiff,                   )
                                             )        **COMPLAINT**
vs.                                          )
                                             )
UNITED STATES DEPARTMENT OF                  )
VETERANS AFFAIRS                             )
VBA Central Office                           )
810 Vermont Ave., NW                         )
Washington, DC 20420                         )
                                             )
                Defendant.                   )


Plaintiff, Stewart D. Roll ("Plaintiff"), by and through undersigned counsel, for his

Complaint against Defendant, United States Department of Veterans Affairs ("Defendant"),

alleges and states as follows:

## INTRODUCTION

1.      This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. §

552, to compel production of records in response to Plaintiff's FOIA request to which Defendant

has not sent the required response in accordance with the FOIA, relevant administrative

regulations, and the statutory deadlines articulated in *Citizens for Responsibility & Ethics in*

*Washington v. FEC*, 711 F. 3d 180 (D.C. Cir. 2013).

2.      Plaintiff further requested fee waiver as provided by FOIA, due to the public

interest in the information and records, including the interests of all veterans who served at the

same base as sought by the records request and all who allege an exposure to any herbicide prosecuting their claims for a disability determination.

3.     Although Defendant acknowledged receipt of the records request, Defendant has not substantively responded to the records request nor addressed the request for a fee waiver.

4.     Defendant has not estimated the volume of responsive records, or the FOIA exemptions which might apply to such records, or the time frame during which Plaintiff could expect a response.

5.     Defendant therefore has not responded to Plaintiff's request.

6.     Accordingly, Plaintiff files this lawsuit to compel Defendant to comply with the law and produce the properly described public records in Plaintiff's FOIA request.

## PARTIES

7.     Plaintiff is a natural person with a residential address of 2020 East Swan Lake Circle, Kent, Ohio 44240 and is a United States Air Force veteran whose 1970-1971 tour of duty included being stationed at Utapao Royal Thai Air Force Base in Thailand.

8.     Defendant is a federal agency headquartered in Washington, DC whose stated mission is "To fulfill President Lincoln's promise: 'to care for him who shall have borne the battle, and for his widow, and his orphan' by serving and honoring the men and women who are America's Veterans."

## JURISDICTION AND VENUE

9.     This Court has subject matter jurisdiction under 5 U.S.C. § 552(a)(4)(B), because Plaintiff resides in the Northern District of Ohio.  Furthermore, jurisdiction is proper under 28 U.S.C. § 1331 because the resolution of disputes under FOIA presents a federal question.

10.     Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## FACTS

11.     In Plaintiff's October 30, 2019 FOIA request for public records, Plaintiff sought a specific and tailored population of records relating, *inter alia*, to the Defendant's determination that Plaintiff was not exposed to any herbicide, including but not limited to Agent Orange, during his 1970-1971 tour of duty at Utapao Royal Thai Air Force Base and documents relied upon by Defendant to determine that Plaintiff's type 2 diabetes and peripheral neuropathy were not the result of exposure to herbicides including Agent Orange during his tour of duty at the Base.  A copy of Plaintiff's FOIA request is attached hereto as Exhibit A.

12.     Defendant owed a substantive response to Plaintiff within 20 working days from this request, on or before November 29, 2019, which it has failed to provide, in violation of the statutory time limit.

13.     Although Defendant acknowledged in attached Exhibit B receipt of Plaintiff's FOIA request, Defendant has provided no records, or substantive response to Plaintiff's FOIA request.  Defendant has failed to provide a schedule of production and what exemptions it might claim under FOIA, or otherwise comply with FOIA's requirements within that 20 working day timeframe.

14.     By failing to respond to Plaintiff's request in the required time in violation of statutory deadlines, Defendant has also waived any ability to now seek fees.

15.     Plaintiff has constructively and actually exhausted the administrative process as regards this request, both because of Defendant's failure to abide by FOIA's statutory deadlines,

and because Defendant has not properly advised Plaintiff of the finality of its decisions or any relevant appellate rights. *Citizens for Responsibility & Ethics in Washington v. FEC*, 711 F. 3d 180 (D.C. Cir. 2013).

16.     Transparency in government is the subject of high profile executive branch promises arguing forcefully against agencies failing to live up to their legal record keeping and disclosure obligations.

17.     Under the FOIA, after an individual submits a request, an agency must determine within 20 working days after receipt of any such request whether to comply with such request. 5 U.S.C. § 552(a)(6)(A)(i).  Under *Citizens for Responsibility & Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013), that response must provide particularized assurance of the scope of potentially responsive records, including the scope of the records the agency plans to produce and the scope of documents that it plans to withhold under any FOIA exemptions.  This 20-working day time limit also applies to any appeal. 5 U.S.C. § 552(a)(6)(A)(ii).

18.     U.S. Code 5 U.S.C. § 552(a)(6)(A) states that the 20-day time limit shall not be tolled by the agency except in two narrow scenarios: The agency may make one request to the requester of information and toll the 20-day period while it is awaiting such information that it has reasonably requested from the requester, 5 U.S.C. § 552(a)(6)(A)(ii)(I); and agencies may also toll the statutory time limit if necessary to clarify with the requester issues regarding the fee assessment, 5 U.S.C. § 552(a)(6)(A)(ii)(II).  In either case, the agency's receipt of the requester's response to the agency's request for information of clarification ends the tolling period. Defendant did not seek to clarify any issues, and never sought additional information from Plaintiff regarding the request at issue in this lawsuit.

19.     In *Bensman v. National Park Service*, 806 F. Supp. 2d 31 (D.D.C. 2011) the court

noted: "[The effect of] the 2007 Amendments was to impose consequences on agencies that do

not act in good faith or otherwise fail to comport with FOIA's requirements.  See S. Rep. No.

110-59.  To underscore Congress's belief in the importance of the statutory time limits, the 2007

Amendments declare that '[a]n agency shall not assess search fees . . . if the agency fails to

comply with any time limit' of FOIA."

20.     Defendant owes Plaintiff records responsive to the request at issue in this lawsuit,

which request reasonably described the information sought and was otherwise submitted in

compliance with applicable law, subject to legitimate withholdings, and has failed to provide

responsive records or any substantive response in violation of statutory deadlines.

21.     Further, should the Defendant counterclaim or otherwise argue that its failure to

perform is because it is due fees, Plaintiff notes that Defendant waived fees and/or waived its

ability to assess fees under §552(a)(4)(A)(viii) by failing to substantively respond to Plaintiff

within the statutory deadline(s).  Defendant, therefore, has waived all fees and must produce the

requested documents as required by law.

## COUNT I
### (Declaratory Judgment)

22.     Plaintiff adopts and incorporates by reference the averments of paragraphs 1

through 21 inclusive above.

23.     Plaintiff has sought and been denied production of responsive records reflecting

the conduct of official business, because Defendant has failed to substantively respond pursuant

to *Citizens for Responsibility & Ethics in Washington v. FEC*, 711 F. 3d 180 (D.C. Cir. 2013).

24.     Plaintiff asks this Court to enter a judgment declaring that:

(a)     Defendant's records as specifically described in Plaintiff's FOIA request

described, *supra*, is subject to release under FOIA;

(b)     Defendant must release those requested records or segregable portions

thereof subject to legitimate exemptions;

(c)     Defendant must not assess or seek costs and fees for the request at issue in

this case, as Plaintiff is entitled to a waiver of the fees;

## COUNT II
### (Injunctive Relief)

25.     Plaintiff adopts and incorporates by reference the averments of paragraphs 1

through 24 inclusive above.

26.     Plaintiff is entitled to injunctive relief compelling Defendant to produce all

records in its possession responsive to Plaintiff's FOIA request, without fees, subject to

legitimate withholdings.

27.     Plaintiff asks the Court to order Defendant to produce to Plaintiff, within 10

business days of the date of the order, the requested records described in Plaintiff's FOIA

request, subject to legitimate withholdings.

28.     Plaintiff asks the Court to order the parties to consult regarding withheld

documents and to file a status report to the Court within 30 days after Plaintiff receives the last of

the produced documents, addressing Defendant's preparation of a *Vaughn* log as delineated in

*Vaughn v. Rosen*, 484 F. 2d 820 (D. D.C. 1973) and a briefing schedule for resolution of

remaining issues with Plaintiff's challenges to Defendant's withholds and any other remaining

issues.

## COUNT III
### (Seeking Costs and Fees)

29.     Plaintiff adopts and incorporates by reference the averments of paragraphs 1 through 28 inclusive above.

30.     Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantively prevailed.

31.     Plaintiff is statutorily entitled to recover fees and costs incurred as a result of Defendant's  failure to fulfill the FOIA request at issue in this case.

32.     Plaintiff asks the Court to order the Defendant to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

WHEREFORE, Plaintiff requests the declaratory and injunctive relief herein sought, and an award for his attorney fees and costs and such other relief as the Court deems equitable.

Respectfully submitted,

*/s/ Scott D. Simpkins*
Scott D. Simpkins (0066775)
CLIMACO, WILCOX, PECA,
& GAROFOLI CO., L.P.A.
55 Public Square, Suite 1950
Cleveland, Ohio  44113
Telephone:  (216) 621-8484
Facsimile:  (216) 771-1632
sdsimp@climacolaw.com

*Attorneys for Plaintiff*